| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| HARRIS L. COHEN, ESQ. Bar #119600<br>HARRIS L. COHEN, A PROF. CORP.<br>5305 ANDASOL AVE.<br>ENCINO, CA 91316<br>TEL 818-905-5599 FAX 818-905-5660<br>hcohen00@aol.com | |

☐ *Movant appearing without an attorney*
☒ *Attorney for Movant*

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| In re:<br><br>MARY ELIZABETH CALLOWAY<br><br><br><br>Debtor(s). | CASE NO.: 1:19-bk-11880-MT<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| | DATE: 8/28/19<br>TIME: 10:00 a.m.<br>COURTROOM: 302 |

**Movant:** Magnum Property Investments, LLC and Strategic Acquisitions, Inc.

1. **Hearing Location:**

   ☐ 255 East Temple Street, Los Angeles, CA 90012
   ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   ☐ 3420 Twelfth Street, Riverside, CA 92501
   ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 8/1/2019

HARRIS L. COHEN, A PROF. CORP.
Printed name of law firm (if applicable)

HARRIS L. COHEN, ESQ.
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☒ Other (specify):
   Foreclosure sale buyer of property on 7/26/19

2. **The Property at Issue (Property):**

   a. Address:

   > *Street address*:    17548 Donmetz St.
   > *Unit/suite number*:
   > *City, state, zip code*:  Granada Hills, CA 91344 - APN 2711-013-015

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit _2___):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on (*date*) _7/26/2019___.

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*date*) _____.

   c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☐ Movant's interest in the Property is not adequately protected.

   (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

   (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

   (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☒ The bankruptcy case was filed in bad faith.
   <span>only two creditors listed</span>
   (A) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

   (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

   (D) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   (E) ☒ The Debtor filed only a few case commencement documents with the bankruptcy petition.  Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   (F) ☒ Other (*see attached continuation page*).    See separate declaration attached.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                              Page 3                          **F 4001-1.RFS.RP.MOTION**

Page 3

(3) ☐ *(Chapter 12 or 13 cases only)*

    (A) ☐ All payments on account of the Property are being made through the plan.
☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____, which is ☐ prepetition ☐ postpetition.

(6) ☒ For other cause for relief from stay, see attached continuation page. see attached declaration.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☒ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☒ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other *(specify)*:

6. **Evidence in Support of Motion: (De*claration(s) MUST be signed under penalty of perjury and attached to this motion*)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☐ Other:

7. ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Movant requests the following relief:**

1. Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property. to complete the foreclosure sale, obtain the trustee's deed allow the trustee to issue the deed, and evict the occupants

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☒ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☒ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice, or  ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date:  8/1/2019

HARRIS L. COHEN, A PROF. CORP.
Printed name of law firm (*if applicable*)
HARRIS L. COHEN, ESQ.
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 5                        F 4001-1.RFS.RP.MOTION

Page 5

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) PETER BAER _____, declare:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

    a.  ☐  I am the Movant.

    b.  ☒  I am employed by Movant as (*state title and capacity*):  President of Strategic Acquisitions, Inc. the manager of
        Magnum Property Investments, Inc.

    c.  ☐  Other (*specify*):

2.  a.  ☒  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b.  ☐  Other (*see attached*):

3.  The Movant is:

    a.  ☐  Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

    b.  ☐  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

    c.  ☐  Servicing agent authorized to act on behalf of the:
        ☐  Holder.
        ☐  Beneficiary.

    d.  ☒  Other (*specify*): Movant purchased the Property at a foreclosure sale on 7/26/19

4.  a.  The address of the Property is:

        *Street address*: 17548 Donmetz St.
        *Unit/suite no.*:
        *City, state, zip code*:  Granada Hills, CA 91344

    b.  The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
        see exhibit "2" to Baer Declaration

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5. Type of property (*check all applicable boxes*):

   a. ☒ Debtor's principal residence       b. ☐ Other residence
   c. ☐ Multi-unit residential               d. ☐ Commercial
   e. ☐ Industrial                      f. ☐ Vacant land
   g. ☐ Other (*specify*):

6. Nature of the Debtor's interest in the Property:

   a. ☐ Sole owner

   b. ☐ Co-owner(s) (*specify*):

   c. ☐ Lienholder (*specify*):

   d. ☒ Other (*specify*): allegedly lives at property, no ownership shown

   e. ☒ The Debtor ☐ did ☒ did not list the Property in the Debtor's schedules.

   f. ☒ The Debtor acquired the interest in the Property by ☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒XXXX
       The deed was recorded on (*date*) _____.  Movant does not believe any ownership interest

7. Movant holds a ☐ deed of trust ☐ judgment lien ☒ other (*specify*) _Foreclosure sale purchaser_ _____
   that encumbers the Property.

   a. ☐ A true and correct copy of the document as recorded is attached as Exhibit _____.

   b. ☐ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
      attached as Exhibit _____.

   c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
      trust to Movant is attached as Exhibit _____.

8. Amount of Movant's claim with respect to the Property:

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $ |
| b. | Accrued interest: | $ | $ | $ |
| c. | Late charges | $ | $ | $ |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $ |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[       ] | $[       ] | $[       ] |
| g. | TOTAL CLAIM as of (*date*): | $ | $ | $ |

   h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

   a. Notice of default recorded on (*date*) _11/2/17_____ or ☐ none recorded. .

   b. Notice of sale recorded on (*date*) _6/26/19_____ or ☐ none recorded.

   c. Foreclosure sale originally scheduled for (*date*) _____ or ☐ none scheduled.

   d. Foreclosure sale currently scheduled for (*date*) _____ or ☐ none scheduled.

   e. Foreclosure sale already held on (*date*) _7/26/19_____ or ☐ none held.

   f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:   Foreclosure sale purchaser, not lender

    a. Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

    b. Number of payments that have come due and were not made: _____. Total amount: $_____

    c. Future payments due by time of anticipated hearing date (*if applicable*):

        An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

    d. The fair market value of the Property is $_____, established by:

        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

        (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

        (4) ☐ Other (*specify*):

    e. **Calculation of equity/equity cushion in Property:**

        Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT: $** | | | |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

        (1) ☐ Preliminary title report.

        (2) ☐ Relevant portions of the Debtor's schedules.

        (3) ☐ Other (*specify*):

    g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ 0_____ and is 0_____ % of the fair market value of the Property.

    h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
        By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ 0_____.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*             Page 8             **F 4001-1.RFS.RP.MOTION**

Page 8

i.  ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j.  ☐ The fair market value of the Property is declining because:

12. ☒ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a.  A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: 8/21/19    .
A plan confirmation hearing currently scheduled for (or concluded on) the following date: 9/24/19    .
A plan was confirmed on the following date (*if applicable*): _____.

b.  Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c.  Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d.  Postpetition advances or other charges due but unpaid:                      $
(*For details of type and amount, see Exhibit _____*)

e.  Attorneys' fees and costs:                                                      $
(*For details of type and amount, see Exhibit _____*)

f.  Less suspense account or partial paid balance:                         $[                    ]

TOTAL POSTPETITION DELINQUENCY:                         $

g.  Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

h.  Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):
$_____ received on (*date*) _____
$_____ received on (*date*) _____
$_____ received on (*date*) _____

i.  ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (date) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (date) _____, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

                                     *only two creditors listed*

  a. ☒ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

  b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

  c. ☒ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

  d. ☒ Other (specify):
     see Peter Baer declaration re timing of filing

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

  a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

  b. ☒ Multiple bankruptcy cases affecting the Property include:   *see Peter Baer declaration*

    1. Case name: _Dwayne Calloway_____
      Chapter: _13___   Case number: _1:18-bk-10613-MT_____
      Date dismissed: _____   Date discharged: _____   Date filed: _3/9/18_____
      Relief from stay regarding the Property ☒ was ☐ was not granted.

    2. Case name: _Dwayne and Catherine Calloway_____
      Chapter: _13___   Case number: _1:16-12537-MT_____
      Date dismissed: _10/4/16____   Date discharged: _____   Date filed: _8/30/16_____
      Relief from stay regarding the Property ☐ was ☒ was not granted.

    3. Case name: _Dwayne and Catherine Calloway_____
      Chapter: _13___   Case number: _1:16-bk-11590-MB_____
      Date dismissed: _8/4/16_____   Date discharged: _____   Date filed: _5/27/16_____
      Relief from stay regarding the Property ☐ was ☒ was not granted.

  ☒ See attached continuation page for information about other bankruptcy cases affecting the Property.

  ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

19. ☒ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☒ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/1/2019 | PETER BAER | |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1:19-bk-11880-MT – MARY E. CALLOWAY- CHAPTER 13**

## I.    APPLICABLE LAW

A bankruptcy Court has "discretion to grant retroactive relief from the automatic say." *In re AVI, Inc.*, 289 B.R. 721, 731 (9th Cir. BAP 2008).  Extraordinary or extreme circumstances **are not required** and it is merely a balancing test.  *In re Fjeldsted*, 293 B.R. 12, 23 (9th Cir. BAP (2003).

"Whether to grant retroactive relief from the automatic stay under §362(d) is a decision committed to the discretion of the bankruptcy court. *Nat'l Envtl. Waste,* 129 F.3ed at 1054. In *Nat'l Envtl. Waste*, the Ninth Circuit adopted a balancing of equities approach for analyzing a request for retroactive stay relief, and identified two factors to be considered by the bankruptcy court: (1) whether the creditor was aware of the bankruptcy petition; and (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result to the creditor. *Id.* At 1055-56. In *In re Fjeldsted, 293 B.R. 12, 24-25 (9th Cir. BAP 2003)*, following *Nat'l Envtl. Waste,* we approved consideration off additional factors by the bankruptcy court, including: the number of filings; the extent of any prejudice , including to a bona fide purchaser; the debtor's overall good faith; the debtor's compliance with the Code; how quickly the creditor moved for annulment; and how quickly the debtor moved to set aside the sale. But because a mechanistic application of 'factors' is inappropriate in making the determination of whether to annul the stay, in *Fjeldsted*, we observed that: "Mindful that such lists [of factors] are capable of being misconstrued as inviting arithmetic reasoning,

1

we emphasize that these items are merely a framework for analysis and not a scorecard. **In any given case, one factor may so outweigh the others as to be dispositive.**" *In re Williams,* 323 B.R. 691, 700 (9th Cir. BAP 2005) (Emphasis in original).  Extraordinary circumstances need not be shown.  *In re Fjeldsted*, 293 B.R. 12, 22-23 (9th Cir. BAP 2003).

A foreclosure sale purchaser has standing to seek the relief requested.  *In re Funes*, 2014 WL 6896030 (C.D. Cal. 2014) See also *In re Cruz*, 516 B.R. 594, 602-03 (9th Cir. BAP 2014).  This case is essentially the same as the *Funes* case.  There the Court found that there was standing despite the lack of a trustee's deed being issued.

Factors the Court considers in deciding if the case was filed in bad faith include whether there was only a single creditor; the debtor made no efforts to repay his debts, the debtor's overly utilizing the protections of the Code to the unconscionable detriment of creditors.  *In re O'Brien*, 328 B,R, 669, 675 (Bankr. W.D.N.Y. 2005) *See also In re Hammonds*, 139 B.R. 535, 542 (Bankr. D. Colo. 1992),  *In re Spagnolia*, 199 B.R. 362, 365 (Bankr. W.D. Ky. 1995).

**INTRODUCTION**

**DEBTOR, MARY CALLOWAY, FILED THIS CASE ON 7/26/19 AS A FACE PAGE FILING TO STOP THE FORECLOSURE SALE SET FOR THAT DAY.  DWAYNE AND CATHERINE CALLOWAY OWNED THE PROPERTY AND HAVE FILED NO LESS THAN 6 BANKRUPTCY CASES ON THE PROPERTY BEFORE THIS, INCLUDING 3 CASES IN 2016.**

**THE LENDER OBTAINED RELIEF FROM STAY FROM THIS COURT ON JUNE 19, 2019 TO FORECLOSE IN DWAYNE'S CASE.**

**AS A CONTINUATION OF THE PING PONG SERIAL FILINGS, NOW MARY FILED THIS CASE TO HINDER, DELAY AND DEFRAUD THE CREDITOR AND FORECLOSURE PROCESS.**

**THE TITLE CHAIN DOES NOT SHOW THAT ANY INTERTEST WAS EVER TRANSFERRED TO CATHERINE CALLOWAY AND SHE ONLY CLAIMS IN THE FACE PAGE THAT SHE LIVES AT THE PROPERTY.**

**IF THERE WAS ANY TRANSFER TO HER IT WOULD HAVE BEEN A SHAM TRANSFER TO SET UP THE AUTOMATIC STAY AFTER RELIEF WAS GRANTED TO THE LENDER.  THEREFORE, THE COURT SHOULD GRANT RETROACTIVE ANNULMENT OF THE STAY AND ALLOW THE SALE TO BE COMPLETED.**

**MOVANT IS THE FORECLOSURE SALE PURCHASER AND THE TRUSTEE WILL NOT COMPLETE THE SALE AND ISSUE THE TRUSTEE'S DEED WITHOUT RETROACTIVE ANNULMENT OF THE STAY.**

## I.     STATEMENT OF FACTS

1.      Movant, Magnum Properties, LLC ("Magnum") through its bidding agent Strategic Acquisition, Inc. ("SAI") was the high bidder at the foreclosure sale of the real property at 17548 Donmetz St., Granada Hills, CA 91344 – APN 2711-013-015 (the

3

"Property"), at the foreclosure sale on July 26, 2019 and paid $744,000. (Purchase Receipt Exhibit "1").

2.      Dwayne Calloway and Catherine Calloway acquired the Property by a grant deed from Angel Paule in 2001 as husband and wife.  They borrowed $500,000 from ABN AMRO Mortgage Group, Inc. secured by a deed of trust recorded on February 7, 2007.  (Deed of Trust Exhibit "2").

3.      Notices of default and election to sell under deed of trust were recorded on 1/18/11, 3/28/12, 10/13/15, and 11/2/17.  Copies of the 2015 and 2017 notices of default are attached.  (Deed of Trust Exhibit "3").

4.      In response to the NOD's Dwayne and Catherine Calloway filed chapter 13 petitions as follows: 4/18/16 (1:16-bk-11159-VK), 5/27/16 (1:16-bk-11590-MB) 8/30/16 (1:16-bk-12537-MT) and 3/9/18 (1:18-bk-10613-MT).  (Exhibit "4").

5.      Ultimately in the third case, the lender filed a relief from stay and it was granted after the debtor defaulted on his adequate protection payments.  The order was entered on April 3, 2019 and included co-debtor relief as to Catherine Calloway. (Exhibit "5").

6.      To again interfere with the foreclosure sale, now Mary Calloway has filed a chapter 13 case on July 26, 2019.

7.      The title chain does not show that Mary Calloway is on title and she was not on title when the lender obtained relief from stay in April 2019. ("Exhibit "6"). Therefore, she is either still not on title or obtained title after the lender's relief from stay

motion.  In either event, any such transfer would be a sham transfer solely to gain the automatic stay.

8.    The foreclosure sale took place at 12:46 p.m. without notice of this debtor having any interest in the Property and/or having filed a bankruptcy petition.

9.    The notice of trustee's sale was recorded on June 26, 2019.  (Exhibit "7").

10.    The Debtor's bankruptcy petition did not include a mailing matrix or a copy of the credit counselling certificate that is required to be attached thereto. (Exhibit "8").

11.    When the foreclosure sale took place on July 26, 2019, there was no indication at the sale that the bankruptcy prohibited the sale by the foreclosing trustee and Magnum and SAI were unaware of the bankruptcy filing.  The general procedure of foreclosure trustees is that sales are not conducted if a bankruptcy is timely filed and actually prohibits the sale.   The lack of notice is no doubt because the transfer never occurred, was not recorded and had no substance.

12.    The foreclosure trustee will not issue the Trustee's Deed Upon Sale ("TDUS") until the automatic stay is retroactively annulled.

13.    Magnum through SAI purchased the Property at the foreclosure sale, in good faith, without knowledge of this bankruptcy filing by the Debtor and no knowledge of any automatic stay.  The foreclosure sale trustee is holding Magnum's funds but will not issue the TDUS until the Court retroactively annuls the automatic stay.

14.    Based on the bad faith inequitable conduct described above, the Court should grant retroactive relief and annulment of the automatic stay to validate the

foreclosure sale on July 26, 2019, that took place for the Property and permit Movant

Magnum to receive, and the foreclosure trustee and foreclosing lender to cause the

issuance of, the TDUS so that Magnum may gain recorded title and recover possession of

the Property.

HARRIS L. COHEN, A PROF. CORP.

By:_____

Harris L. Cohen, Esq., Attorney for Movants,
Magnum and SAI

## DECLARATION OF PETER BAER

I, Peter Baer, hereby declare and state:

I am over the age of 18 and have personal knowledge as to all facts set forth herein

and if called upon to testify thereto, I could and would competently do so.

1.    I am the president of the manager of Magnum Property Investments, LLC

("Magnum"), the movant with authority to file this motion and the president of Strategic

Acquisitions, Inc. ("SAI") which acted as Magnum's bidding agent at the foreclosure sale

that is the subject of this motion.  Magnum through SAI was the high bidder at the

foreclosure sale of the real property at 17548 Donmetz St., Granada Hills, CA 91344 –

APN 2711-013-015 (the "Property"), at the foreclosure sale on July 26, 2019 and paid

$744,000. (A true and correct copy of the Purchase Receipt is attached hereto as Exhibit

"1").

2.     Dwayne Calloway and Catherine Calloway acquired the Property by a grant deed from Angel Paule in 2001 as husband and wife.  They borrowed $500,000 from ABN AMRO Mortgage Group, Inc. secured by a deed of trust recorded on February 7, 2007.  (A true and correct copy of the Deed of Trust is attached hereto as Exhibit "2").

3.     Notices of default and election to sell under deed of trust were recorded on 1/18/11, 3/28/12, 10/13/15, and 11/2/17.  Copies of the 2015 and 2017 notices of default are attached.  (A true and correct copy of the 2015 and 2017 notices of default are attached hereto as Exhibit "3").

4.     In response to the NOD's Dwayne and Catherine Calloway filed chapter 13 petitions as follows: 4/18/16 (1:16-bk-11159-VK), 5/27/16 (1:16-bk-11590-MB), 8/30/16 (1:16-bk-12537-MT) and 3/9/18 (1:18-bk-10613-MT).  (A true and correct copy of the pacer printout showing their bankruptcy filings is attached hereto as Exhibit "4").

5.     Ultimately in the third case in 2016, the lender filed a relief from stay and it was granted after the debtor defaulted on his adequate protection payments.  The order was entered on April 3, 2019 and included co-debtor relief as to Catherine Calloway. (A true and correct copy of the order is attached hereto as Exhibit "5").

6.     To again interfere with the foreclosure sale, now Mary Calloway (a third Calloway) has filed a chapter 13 case on July 26, 2019.

7.     The title chain does not show that she is on title and she was not on title when the lender obtained relief from stay in April 2019.  (A true and correct copy of the titlepoint report of recorded documents from Consumers Title Company of California is

7

attached hereto as is attached hereto as "6").  Therefore, she is either still not on title or

obtained title after the lender's relief from stay motion.  In either event, any such transfer

would be a sham transfer solely to gain the automatic stay.

8.      The foreclosure sale took place at 12:46 p.m. without notice of this debtor

having any interest in the Property and/or having filed a bankruptcy petition.

9.      The notice of trustee's sale ("NOS") was recorded on June 26, 2019.  (A

true and correct copy of the NOS is attached hereto as Exhibit "7").

10.      The Debtor's bankruptcy petition only included two creditors on the

mailing matrix and neither was the secured creditor with relief from stay and did not

include a copy of the credit counselling certificate that is required to be attached thereto.

(A true and correct copy of the Debtor's docket and the mailing matrix in this case are

attached hereto as Exhibit "8").

11.      When the foreclosure sale took place on July 26, 2019, there was no

indication at the sale that the bankruptcy prohibited the sale by the foreclosing trustee and

Magnum and SAI were unaware of the bankruptcy filing.  The general procedure of

foreclosure trustees is that sales are not conducted if a bankruptcy is timely filed and

actually prohibits the sale. I know this based on my 20+ years of attending and

participating in foreclosure sales in Los Angeles and Southern California generally that

are routinely continued if there is a timely bankruptcy filing, timely notice and the

automatic stay is in effect.

12.    The foreclosure trustee will not issue the Trustee's Deed Upon Sale ("TDUS") until the automatic stay is retroactively annulled.

13.    Magnum through SAI purchased the Property at the foreclosure sale, in good faith, without knowledge of this bankruptcy filing by the Debtor and no knowledge of any automatic stay.  The foreclosure sale trustee is holding Magnum's funds but will not issue the TDUS until the Court retroactively annuls the automatic stay.

14.    Based on the bad faith inequitable conduct described above, the Court should grant retroactive relief and annulment of the automatic stay to validate the foreclosure sale on July 26, 2019, that took place for the Property and permit Movant Magnum to receive, and the foreclosure trustee and foreclosing lender to cause the issuance of, the TDUS so that Magnum may gain recorded title and recover possession of the Property.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed at Agoura Hills, California on August 1, 2019.

Peter Baer

# EXHIBIT "1"

Sale Date: 7/26/19   Client Ref: 00000 7091309   Add'l Ref: Cathy Smith   ASAP #: 1697568

BDF 4000 Belt Line Rd Ste 100 Addison TX 75001   Phone:

Mortgagor/Trustor:

Darlene C Calloway & Catterina Calloway 17648 Donmetz St Granada Hills 91344

**ADMONISHMENT TO PURCHASER**

Please be advised that all sales conducted are held under the following terms. The person conducting the sale, whether known by status as personal representative, substitute trustee, auctioneer, or agent for the Foreclosure Attorney/Trustee, shall be referenced herein as "SALE AGENT". The successful bidder will be referenced herein as "PURCHASER".

**TERMS OF SALE**

The Real Property referenced herein was sold to the highest bidder for cash or cashier's checks. The purchase price is due and payable without delay upon acceptance of the bid unless the Purchaser and Foreclosure Attorney/Trustee agreed upon a reasonable time for the Purchaser to deliver certified funds at statutes provide otherwise. If the funds are not tendered upon acceptance of the bid or within an agreed-upon time period, the sale will be rescinded and the property re-auctioned.

All property sold is subject to the following:
1. Any statutory or court-ordered restraint of the sale arising out of bankruptcy, pending litigation, receivership, or the legal proceedings involving any person who claims a legal or equitable interest in the property
2. The death or initiation of a probate proceeding of debtor(s), or any person who claims a legal or equitable interest in the property
3. Reinstatement or payoff of the loan secured by the property or any other presale arrangement to satisfy the default.
4. Any matter which may affect the validity of any element of the foreclosure process or foreclosure sale or act as a defense or bar to the foreclosure process
5. Any liens or taxes for the current and prior years which are applicable against the property
6. Any errors in the calculation of the bidding instructions or errors in reading the bid made by either: Sale Agent, Substitute Foreclosure Firm, Trustee, Mortgage Servicer, Lender/Beneficiary
7. Verification of Purchaser's identity and compliance with federal laws and regulations required of financial institutions

The Sale Agent conducting this sale makes no representations of any nature, either express or implied, about the nature or condition of the properties or the status of the title to the properties to be sold. It is the Purchaser's responsibility to have performed due diligence in advance of bidding. Successful bidders take the property subject to any matter which may affect the validity of the sale as hereinbefore stated. The properties are sold "AS IS" in their present condition. The properties may be identified by legal description, property address, recording information or other identifying information pursuant to the notice of sale. Any preprinted street address appearing on the deed issued after the sale may or may not match the subject property.

The sale may be rescinded due to requirements set out in federal laws or regulations including, but not limited to: money laundering, anti-terrorism, anti-drug trafficking, economic sanctions, laws and regulations. Federal law requires all financial institutions to obtain, verify, and record information that identifies parties to transactions. This means that when the bid is provisionally accepted you may be asked to provide your name, address, date of birth, driver's license, and or other personally identifiable information. In the event a defect or other problem with the sale is discovered or Purchaser refused to provide said required information, the consideration paid will be returned to the Purchaser within a reasonable time after verification of the pertinent facts and the return of the funds shall be the Purchaser's sole and absolute remedy. If you are the successful bidder, you will be asked to sign an acknowledgement that the sale was subject to these terms. Sales will not be concluded without the execution of this acknowledgement. If the Purchaser does not wish to execute the acknowledgement, the Sale Agent will commence the sale and re-auction the property.

**PURCHASER'S ACKNOWLEDGEMENT**

The Purchaser or Purchaser's Representative acknowledges that the sale and all monies tendered are subject to the terms, conditions and disclaimers set forth in this Admonishment to Purchaser and in the below Receipt. Purchaser or Purchaser's Representative specifically acknowledges that he/she has carefully read both the Admonishment to Purchaser and the Receipt. Purchaser directs that the Foreclosure/Trustee's Deed upon Sale be vested as stated below and mailed to:

**Vesting for Deed:**

| | |
|---|---|
| PURCHASER | Magnum Property Investment LLC A Delaware Limited Liability Company |
| | Strategic Acquisitions Inc   OR NOMINEE |
| Purchaser's Street Address, City, State & Zip | 27489 Agoura Rd. Agoura Hills, Ca. 91301 |
| Purchaser's Email: (818) 769-7880 | |
| REPRESENTATIVE'S NAME: | Michael Perez |
| Rep's Email: (818) 769-7880 | |
| Relation to Buyer: | |

Only provide the following, when requested: Driver's License #/State:

**RECEIPT**

Subject to the exceptions stated in the Terms of Sale, all conditions and disclaimers enumerated before the sale, and restated in the Admonishment to Purchaser, the Sale Agent sold the property to the above named Purchaser as the highest bidder and Purchaser tendered cash or certified funds to satisfy the purchase price. In the event of an overpayment, all refunds will be made by the Lender or Lender's foreclosure firm/trustee. The Sale Agent does not assume any responsibility or liability for refunds. The purchase price is due and payable without delay upon acceptance of high bid unless statutes provide otherwise or the purchaser and foreclosure attorney/trustee agree upon a reasonable time for the Purchaser to deliver certified funds provided state law allows for such an agreement.

| Check Number | Bank Name | | Amount | | Sale Completed Time: 12:46 |
|---|---|---|---|---|---|
| 4654567 | US Bank | | $ 150,000 | | Check Total $ 750,000 |
| 6558 | | | $ 150,000 | | Cash Total $ 0 |
| 6223 | | | $ 100,000 | | Total Tendered $ 750,000 |
| 6229 | | | $ 100,000 | | Sale Amount $ 744,000 |
| 6234 | | | $ 150,000 | | Overpayment $ 6000 |

| Refund Payable To | Address | | Phone | |
|---|---|---|---|---|
| Strategic Acq. Inc. | 27489 Agoura Rd Agoura Hills Ca 91301 | (818) 769-7880 | | |

Sale Agent Signature: Brenda Mitchell   BCM

Servicelink Agency Sales and Posting, LLC

Purchaser or Buyer's Representative Signature: Michael Perez

Version 1.2

# EXHIBIT "2"

 This page is part of your document - DO NOT DISCARD 



**Pages:**
013

20070264586

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

02/07/07 AT 08:00AM

| Fees | $49.00 |
| Taxes | |
| Other | $0.00 |
| Paid | $0.00 |
| | $49.00 |

**TitleCompany**

## TITLE(S) :



L E A D    S H E E T

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**

**Number of AIN's Shown**

-              -

**THIS FORM IS NOT TO BE DUPLICATED**



E46213E

FIDELITY-VAN NUYS

02/07/07

20070264586

2

When recorded mail to:
ABN AMRO MORTGAGE GROUP, INC.
1201 EAST LINCOLN
MADISON HEIGHTS, MICHIGAN 48071-4171
ATTN:FINAL/TRAILING DOCUMENTS

19509460

LOAN #: 655067759

—————— [Space Above This Line For Recording Data] ——

## DEED OF TRUST

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated **FEBRUARY 1, 2007,** together with all Riders to this document.

(B) "Borrower" is DWAYNE C CALLOWAY, HUSBAND AND WIFE AND CATHERINE CALLOWAY, HUSBAND AND WIFE. Dcc/ϤC

Borrower is the trustor under this Security Instrument.

(C) "Lender" is ABN AMRO MORTGAGE GROUP, INC.

CALIFORNIA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3005 1/01
© 1999-2004 Online Documents, Inc.    Page 1 of 12

Initials: Dcc/ϤC
CAUDEED    CAUDEDL  0402
02-01-2007  14:29

Lender is a CORPORATION                          LOAN #: 655067759
DELAWARE.                                        organized and existing under the laws of
RD., TROY, MICHIGAN 48084.                       Lender's address is  2600 W. BIG BEAVER

Lender is the beneficiary under this Security Instrument.
**(D) "Trustee"** is  FIDELITY NATIONAL TITLE CO

**(E) "Note"** means the promissory note signed by Borrower and dated **FEBRUARY 1, 2007.**        The Note
states that Borrower owes Lender ***************************FIVE HUNDRED THOUSAND AND NO/100
********************************************************* Dollars (U.S.        $500,000.00    )
plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later
than **MARCH 1, 2037.**
**(F) "Property"** means the property that is described below under the heading "Transfer of Rights in Property."
**(G) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under
the Note, and all sums due under this Security Instrument, plus interest.
**(H) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be
executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider        ☐ Condominium Rider            ☐ Second Home Rider
☐ Balloon Rider                ☐ Planned Unit Development Rider  ☐ Other(s) [specify]
☐ 1-4 Family Rider             ☐ Biweekly Payment Rider
☐ V.A. Rider

**(I) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and
administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
**(J) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that
are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
**(K) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or
similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic
tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is
not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire
transfers, and automated clearinghouse transfers.
**(L) "Escrow Items"** means those items that are described in Section 3
**(M) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any
third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or
destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu
of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
**(N) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.
**(O) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus
(ii) any amounts under Section 3 of this Security Instrument.
**(P) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing
regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or
successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA"
refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the
Loan does not qualify as a "federally related mortgage loan" under RESPA.
**(Q) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party
has assumed Borrower's obligations under the Note and/or this Security Instrument.

**TRANSFER OF RIGHTS IN THE PROPERTY**
This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications
of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the

CALIFORNIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3005 1/01       Initials: Dec/Cae
© 1999-2004 Online Documents, Inc.                    **Page 2 of 12**            CAUDEDL  0402
                                                                      02-01-2007 14:29

LOAN #: 655067759

Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the  COUNTY
of  LOS ANGELES                                              [Name of Recording Jurisdiction]:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.

[Type of Recording Jurisdiction]

SEE EXHIBIT "A
ATTACHED

which currently has the address of  17548 DONMETZ ST,  GRANADA HILLS,

[Street] [City]

California      91344            ("Property Address"):
       [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1.   **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3005 1/01
© 1999-2004 Online Documents, Inc.                         Page 3 of 12

Initials:  Dcc/
CAUDEDL  0402
02-01-2007  14:29

LOAN #: 655067759 5

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3005 1/01
© 1999-2004 Online Documents, Inc.              Page 4 of 12                    Initials: Dcc / CPC
                                                                              CAUDEDL 0402
                                                                              02-01-2007 14:29

07 0264586

LOAN #: 655067759

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3005 1/01
© 1999-2004 Online Documents, Inc.    Page 5 of 12

Initials: Dcc/ Ce
CAUDEDL  0402
02-01-2007  14:29

LOAN #: 655067759

promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6.   Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7.   Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8.   Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9.   Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3005 1/01
© 1999-2004 Online Documents, Inc.                Page 6 of 12

Initials: Dcc/α
CAUDEDL  0402
02-01-2007  14:29

LOAN #: 655067759

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. Borrower shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel the ground lease. Borrower shall not, without the express written consent of Lender, alter or amend the ground lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. Those agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements  These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3005 1/01
© 1999-2004 Online Documents. Inc                Page 7 of 12

Initials: Dcc/ce
CAUDEDL  0402
02-01-2007  14:29

LOAN #: 655067759

opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3005 1/01
© 1999-2004 Online Documents, Inc.
Page 8 of 12

Initials: DCC/CL
CAUDEDL  0402
02-01-2007  14:29

LOAN #: 655067759

10

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument.Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3005 1/01
© 1999-2004 Online Documents, Inc.           Page 9 of 12

Initials: Dcc/ a/
CAUDEDL  0402
02-01-2007  14:29

LOAN #: 655067759

all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b ) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity, or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3005 1/01
© 1999-2004 Online Documents, Inc                    Page 10 of 12

Initials: DCC/a
CAUDEDL  0402
02-01-2007  14:29

LOAN #: 655067759

residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products)

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

**24. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

CALIFORNIA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3005 1/01
© 1999-2004 Online Documents, Inc.    Page 11 of 12

Initials: DCC/OL

CAUDEDL  0402
02-01-2007  14:29

07 0264586

LOAN #: 655067759

**25. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)        _____ (Seal)
DWAYNE C CALLOWAY                     CATHERINE CALLOWAY

State of CALIFORNIA                County of: *Los Angeles*

On *February 1, 2007* , before me, *Devyn M. Oddone , Notary Public*
(here insert name and title of the officer), personally appeared DWAYNE C CALLOWAY AND CATHERINE CALLOWAY, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____

DEVYN M. ODDONE
Commission # 1545539
Notary Public - California
Los Angeles County
My Comm. Expires Jan 21, 2009

CALIFORNIA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3005 1/01
© 1999-2004 Online Documents, Inc                    Page 12 of 12        CAUDEDL  0402
                                                      02-01-2007  14:29

07 0264586

Order No. 19509460



# EXHIBIT "A"

Lot 9 of Tract No. 22637, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 612 Page 30 of maps, in the office of the County Recorder of said county.

Except therefrom all oil, gas, minerals and other hydrocarbon substances lying below a depth of 500 feet from the surface of said property, but with no right of surface entry, as provided in deed recorded 54196 Page 239, Official Records.

Assessor's Parcel No: 2711-013-015

2

(Rev. 11/17/04)

EXHIBIT "3"



This page is part of your document - DO NOT DISCARD

# 20151259855





**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**10/13/15 AT 08:00AM**

Pages:
0005

| | |
|---|---|
| FEES: | 31.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 31.00 |



**LEADSHEET**



201510130120024

00011243242



007161385

**SEQ:
05**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

R20

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Clear Recon Corp.
4375 Jutland Drive Suite 200
San Diego, California 92117



10/13/2015

*20151259855*

APN: 2711-013-015
T.S. No.: 031745-CA

SPACE ABOVE THIS LINE FOR RECORDER'S USE

Property Address: 17548 DONMETZ ST,
GRANADA HILLS, CALIFORNIA 91344

Title Order No.: 150206617-CA-VOI

# NOTICE OF DEFAULT

### Pursuant to CA Civil Code 2923.3
### NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
### 注：本文件包含一个信息摘要
### 참고사항: 본 첨부 문서에 정보 요약서가 있습니다
### NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
### TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
### LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE
## IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,
and you may have legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $27,752.01 as of 10/7/2015, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.

Page 1 of 3

CRC NOD 09122014

*3*

Trustee Sale No.: **031745-CA**  Title Order No.: **150206617-CA-VOI**

However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**BANK OF AMERICA, NATIONAL ASSOCIATION**
C/O Clear Recon Corp.
4375 Jutland Drive Suite 200
San Diego, California 92117
Phone: 858-750-7600

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: CLEAR RECON CORP. is either the original trustee, the duly appointed substituted trustee or the designated agent of the holder of the beneficial interest under a deed of trust dated 2/1/2007, executed by DWAYNE C CALLOWAY, AND CATHERINE CALLOWAY, HUSBAND AND WIFE., as Trustor, to secure certain obligations in favor of the beneficiary thereunder, recorded 2/7/2007, as Instrument No. 20070264586, of Official Records in the Office of the Recorder of Los Angeles County, California, encumbering the land as fully described on said Deed of Trust

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

Installment of Principal and Interest plus impounds and/or advances which became due on 12/1/2014 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.

Page **2** of 3

CRC NOD 09122014

Requested By: peter.baer, Printed: 7/31/2019 10:53 PM

Doc: CALOSA:2015 01259855~06037

4

Trustee Sale No.: **031745-CA**  Title Order No.: **150206617-CA-VOI**

That by reason thereof, BANK OF AMERICA, NATIONAL ASSOCIATION, the present beneficiary
under such Deed of Trust has deposited with said trustee such Deed of Trust and all documents
evidencing obligations secured thereby and has declared and does hereby declare all sums secured
thereby immediately due and payable and has elected and does hereby elect to cause the trust property to
be sold to satisfy the obligations secured thereby.

**CLEAR RECON CORP.**

Date Executed: **OCT 0 7 2015**    BY: _____

BERNIS M. GONYEA    , **Authorized Signatory for Trustee**

**CLEAR RECON CORP.**
**4375 Jutland Drive Suite 200**
**San Diego, California 92117**

Page 3 of 3

CRC NOD 09122014

Requested By: peter.baer, Printed: 7/31/2019 10:54 PM

Doc: CALOSA:2015 01259855~06037

*5*

**CALIFORNIA DECLARATION OF COMPLIANCE**
**CAL. CIV. CODE § 2923.55(c)**

Borrower(s):        DWAYNE C CALLOWAY and CATHERINE CALLOWAY
Mortgage Servicer:  CitiMortgage, Inc.
Property Address:   17548 DONMETZ ST
                    GRANADA HILLS, CA 91344

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1.    [  X  ] The mortgage servicer has contacted the borrower pursuant to California Civil Code § 2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since the initial contact was made.

2.    [ N/A ] Despite the exercise of due diligence pursuant to California Civil Code § 2923.55(f), the mortgage servicer has been unable to contact the borrower "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3.    [ N/A ] No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code § 2920.5.

4.    [ N/A ] The requirements of California Civil Code § 2923.55 do not apply because the loan is not secured by a first lien mortgage or deed of trust on "owner-occupied" residential real property as defined by California Civil Code § 2924.15(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Dated: _9/30/15_

DECLARANT

_Duane Gramann_ 9/30/15
Signature of Agent or Employee

Diane Gramann
Printed Name of Agent or Employee, employed as a Vice President – Document Control of CitiMortgage, Inc.

CA – California Declaration of Compliance – Cal. Civ. Code § 2923.55(c) – 20141114
v.CA2014721

**This page is part of your document - DO NOT DISCARD**



# 20171262751





**Pages:**
**0005**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**11/02/17 AT 08:00AM**

| | |
|---|---|
| FEES: | 34.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 34.00 |



**L E A D S H E E T**



**201711020220075**

**00014457391**



**008700105**

**SEQ:**
**01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

**170387397 S1**

Recording requested by:
**LSI Title Company**

When Recorded Mail To:
**BARRETT DAFFIN FRAPPIER TREDER &
WEISS, LLP**
**4004 Belt Line Road, Suite 100**
**Addison, Texas 75001-4320**

APN #: 2711-013-015
Property Address:
**17548 DONMETZ ST**
**GRANADA HILLS, CALIFORNIA  91344**



DFF00000007091309

Space above this line for Recorder's use only

Trustee Sale No. : 00000007091309          Title Order No.:  170387397

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
## DEED OF TRUST

**ATTENTION RECORDER:** THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY APPLIES
ONLY TO COPIES PROVIDED TO THE TRUSTOR, NOT TO THIS RECORDED ORIGINAL NOTICE.

### NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI
LIỆU NÀY

IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN
YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you
may have the legal right to bring your account in good standing by paying all of your past due
payments plus permitted costs and expenses within the time permitted by law for reinstatement of your
account, which is normally five business days prior to the date set for the sale of your property. No sale
date may be set until approximately 90 days from the date this Notice of Default may be recorded
(which date of recordation appears on this notice).

This amount is $10,278.81 as of 10/31/2017 and will increase until your account becomes current.
While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes)
required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan,
pay taxes on the property, provide insurance on the property, or pay other obligations as required in
the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order
to reinstate your account in good standing.   In addition, the beneficiary or mortgagee may require as a
condition of reinstatement that you provide reliable written evidence that you paid all senior liens,

FCUS_NoticeOfDefault.rpt - Record - (05/14/2015) - Ver-41                                   Page 1 of 3

**IMPORTANT NOTICE**
**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**

Trustee Sale No. : 00000007091309          Title Order No.: 170387397

property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**FAY SERVICING LLC**
**c/o BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP**
4004 Belt Line Road, Suite 100
Addison, Texas 75001-4320
(866) 795-1852

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.
Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

**REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

**IMPORTANT NOTICE**
NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

Trustee Sale No. : 00000007091309          Title Order No.: 170387397

NOTICE IS HEREBY GIVEN THAT: BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP is the original Trustee, duly appointed Substituted Trustee, or acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated 02/01/2007, executed by DWAYNE C CALLOWAY, AND CATHERINE CALLOWAY, HUSBAND AND WIFE, as Trustor, to secure obligations in favor of ABN AMRO MORTGAGE GROUP, INC., as Beneficiary Recorded on 02/07/2007 as Instrument No. 20070264586 of official records in the Office of the Recorder of LOS ANGELES County, California, as more fully described on said Deed of Trust.  Including a Note(s)/ Unconditional Guaranty which had a principal amount of $500,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of:

THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 5/1/2017 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE AND DEED OF TRUST, ADVANCES, ASSESSMENTS, FEES, AND/OR TRUSTEE FEES, IF ANY.

NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.

That by reason thereof, the present beneficiary under said Deed of Trust and/or its loan servicer hereby declare(s) all obligations secured thereby immediately due and payable, invoke(s) the power of sale under said Deed of Trust, and elect(s) to sell the property described therein in satisfaction of those obligations without prejudice to any other default remedies permitted by applicable law.

DATED: 10/31/2017

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP as Trustee for Beneficiary

By: _____
    Erica Jones, Associate Attorney

00000007091309
Name:    CALLOWAY

PA:    17548 DONMETZ ST

GRANADA HILLS, CA 91344



# DECLARATION OF COMPLIANCE
### (California Civil code Section 2923.55(c))

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares as follows:

☒ The mortgage servicer has contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure as required by California Civil Code Section 2923.55(b)(2). Thirty days or more have passed since the initial contact was made.

☐ The mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code Section 2923.55(f) but has not made contact despite such due diligence. Thirty days or more have passed since these due diligence efforts were satisfied.

☐ No contact was required because the individual did not meet the definition of "borrower" under California Civil Code Section 2920.5(c).

☐ The requirements of California Civil Code Section 2923.55 do not apply because the loan is not secured by a first lien mortgage or deed of trust on "owner-occupied" residential real property as defined by California Civil Code Section 2924.15.

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

FAY SERVICING LLC

Date:    10/9/17

ATTACHMENT TO NOTICE OF DEFAULT

# EXHIBIT "4"

## Select a Case

There were **3 matching persons**.

There were **6 matching cases**.

| Name | Case No. | Case Title | Chapter / Lead BK case | Date Filed | Party Role | Date Closed |
|---|---|---|---|---|---|---|
| Calloway, Dwayne C (pty) (3 cases) | 1:11-bk-13350-GM | Dwayne Calvin Calloway and Catherine Paule Calloway | 7 | 03/17/11 | Debtor | 08/29/11 |
| | 1:16-bk-11159-VK | Dwayne C Calloway and Catherine P Calloway | 13 | 04/18/16 | Debtor | 05/27/16 |
| | 1:16-bk-12537-MT | Dwayne C Calloway and Catherine P Calloway | 13 | 08/30/16 | Debtor | 10/04/16 |
| Calloway, Dwayne C (pty) (2 cases) | 1:12-bk-17343-AA | Dwayne C Calloway | 13 | 08/14/12 | Debtor | 09/25/12 |
| | 1:16-bk-11590-MB | Dwayne C Calloway and Catherine P Calloway | 13 | 05/27/16 | Debtor | 08/04/16 |
| Calloway, Dwayne Calvin (pty) (1 case) | 1:18-bk-10613-MT | Dwayne Calvin Calloway | 13 | 03/09/18 | Debtor | N / A |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/31/2019 17:17:35 | | | |
| **PACER Login:** | sa0471:2629392:0 | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | LName: calloway FName: dwayne |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# EXHIBIT "5"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DARLENE C. VIGIL<br>CA BAR NO. 223442<br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP<br>20955 PATHFINDER ROAD, SUITE 300<br>DIAMOND BAR, CA 91765<br>P. (626) 915-5714<br>F. (972) 661-7726<br>CDCAECF@BDFGROUP.COM<br>FILE NO. 8156143 | **FILED & ENTERED**<br><br>**JUN 13 2019**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY Gonzalez DEPUTY CLERK |
| ☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| In re:<br>DWAYNE CALVIN CALLOWAY | CASE NO.: 1:18-bk-10613-MT |
|---|---|
| | CHAPTER: 13 |
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
| | DATE: 04/03/2019<br>TIME: 10:00 AM<br>COURTROOM: 302<br>PLACE: U.S. Bankruptcy Court<br>        21041 Burbank Blvd.<br>        Woodland Hills, CA 91367 |
| Debtor(s). | |

**Movant:** WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2

1. The Motion was: ☐ Opposed   ☐ Unopposed   ☒ Previously Settled by Stipulation  - Default Declaration filed 05/30/2019, as Doc #52

2. The Motion affects the following real property (Property):

   *Street address*: ___17548 DONMETZ ST.___
   *Unit/suite number*: _____
   *City, state, zip code*: ___GRANADA HILLS, CA 91344___

   Legal description or document recording number (including county of recording):
   Instrument No. 20070264586 - LOS ANGELES COUNTY.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Lot 9 of Tract No. 22637, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 612 Page 30 of maps, in the office of the County Recorder of said county.

Except therefrom all oil, gas, minerals and other hydrocarbon substances lying below a depth of 500 feet from the surface of said property, but with no right of surface entry, as provided in deed recorded 54196 Page 239, Official Records.

**Assessor's Parcel No: 2711-013-015**

☐ See attached page.

3. The Motion is granted under:

   a. ☒ 11 U.S.C . § 362(d)(1)

   b. ☐ 11 U.S.C. § 362(d)(2)

   c. ☐ 11 U.S.C. § 362(d)(3)

   d. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

      (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

      (2) ☐ Multiple bankruptcy cases affecting the Property.

      (3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.

      (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☒ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 2                    **F 4001-1.RFS.RP.ORDER**

Page 53

9. ☒ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

###

Date: June 13, 2019

_Maureen A. Tighe_
Maureen A. Tighe
United States Bankruptcy Judge

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                       Page 3                      **F 4001-1.RFS.RP.ORDER**

Page 54

# EXHIBIT "6"

# Property Search



Los Angeles, California
**Searched: Lt 9 Map 612/30**
**Sub/Plat: TRACT 22637**
Non-Order Search
Company: CONSUMERS TITLE COMPANY OF CALIFORNIA | WESTLAKE VILLAGE | 01 | CRN: 00015-00026

| | |
|---|---|
| Property Start: | 1/2/1947 |
| Property Cover: | 7/16/2019 |
| Searched By: | PETER BAER |
| Searched On: | 8/1/2019 12:46 PM |

---

## Search Filters

From Date: N/A                    DocTypes: N/A
Thru Date: N/A                    Doc Categories: N/A

Traditional Property Options: INCLUDE ALL-TRACT; BACKPLANT SEARCHED

---

## Result Filters

---

**Sort Order: CHRONOLOGICAL ASCENDING, PRIMARY/SECONDARY**
119 of 119 records printed

| | | Doc Type | CI | Rec Date | Doc ID | Party 1 | Party 2 | Legals | Remarks |
|---|---|---|---|---|---|---|---|---|---|
| ? | | Property Note | | 1/29/1957 | FAUX0012 9418 | | | Map 612/30 (Tr 22637) | SUB PT FER 1&605Z606 PAT |
| ? | | Property Note | | 1/29/1957 | FAUX0013 7056 | | | Map 612/30 (Tr 22637) | SUB PTNWQ SEC12 T2N R16W |
| ✗ | | Covenant Conditions & Restrictions | | 4/11/1957 | 3098 | RESNI | CK INVESTMENT CO& | Lt 9 Map 612/30 (Tr 22637) | Co: TIC |
| �439 | | Grant Deed | | 4/11/1957 | 3099 | RESN& | NORTHRIDGE PROPERTIES INC | Lt 9 Map 612/30 (Tr 22637) | Co: TIC |
| �439 | | Grant Deed | | 4/11/1957 | 3100 | NORTH | RESNICK INVESTMENT CO& | Lt 9 Map 612/30 (Tr 22637) | Co: TIC |
| �439 | | Grant Deed | | 3/19/1958 | 3570 | RESN& | NORTHRIDGE LAND CO INC | Lt 9 Map 612/30 (Tr 22637) | Co: TIC |
| | | Policy | | 10/9/1959 | 00825647 | NORTH | RIDGE LAND CO INC | Lt 9 Map 612/30 (Tr 22637) | Co: TIC |
| | | Policy | | 10/9/1959 | 04881229 | | TRI | Lt 9 Map 612/30 (Tr 22637) | Co: TIC |
| �439 | | Grant Deed | | 10/15/1959 | 1595 | NORTH | THOMPSON DTHY | Lt 9 Map 612/30 (Tr 22637) | Co: TIC |

119 of 119 records printed

| | | | Doc Type | CI | Rec Date | Doc ID | Party 1 | Party 2 | Legals | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|
| | ✕ | | Trust Deed/Deed of Trust | | 10/15/1959 | 1596 | THOMP | SON DTHY 5950 | Lt 9 Map 612/30 (Tr 22637) | Co: TIC, $5,950.00 |
| | | | Policy | | 9/19/1973 | 0132469 | WALKE | TRI 0132469 F | Lt 9 Map 612/30 (Tr 22637) | Co: STW, IMG LOC: 73038515 |
| | ➡ | | Grant Deed | | 9/19/1973 | 1060 | THOMP | WALKER BILLY G&KATH C | Lt 9 Map 612/30 (Tr 22637) | Co: CTL |
| | ✓ | | Trust Deed/Deed of Trust | 1 | 9/19/1973 | 1061 | WALKE | R BILLY G&KATHRYN C 13500 | Lt 9 Map 612/30 (Tr 22637) | Co: CTL, $13,500.00 |
| | ✓ | | Trust Deed/Deed of Trust, Release | 1 | 9/24/1974 | 807 | WALKE | R 01061 091973 | Lt 9 Map 612/30 (Tr 22637) | Co: SAF, Ref: 9/19/1973 1061 |
| | | | Policy | | 9/13/1974 | 7425168 | WALKE | R 0008248* | Lt 9 Map 612/30 (Tr 22637) | Co: SAF, IMG LOC: 0008248 |
| | ✓ | | Trust Deed/Deed of Trust | 2 | 9/13/1974 | 891 | WALKE | R CROCKER NATL BK 35000 | Lt 9 Map 612/30 (Tr 22637) | Co: SAF, $35,000.00 |
| | ✓ | | Trust Deed/Deed of Trust, Reconveyance | 2 | 8/18/1988 | 1312795 | WALKER 00891 091374 | WALKER BILLY G & KATHRYN C WALKER KATHRYN C(+1) | Lt 9 Map 612/30 (Tr 22637) | Ref: 9/13/1974 891 |
| | ➡ | | Grant Deed | 3 | 9/17/1980 | 906805 | WALKER KATHRYN C WALKER BILLY G & KATHRYN C(+2) | WALKER KATHRYN C TR WALKER BILLY G TR(+1) | Lt 9 Map 612/30 (Tr 22637) | |
| | ➡ | | Affidavit of Death | 3 | 9/8/2006 | 2007941 | WALKER BILLY G WALKER BILLY GENE(+1) | | Lt 9 Map 612/30 (Tr 22637) | Ref: 9/17/1980 906805APN(s): 2327-003-002 |
| | | | Policy | | 3/10/1983 | 1817027 | WALKE | TRI 1817027 | Lt 9 Map 612/30 (Tr 22637) | IMG LOC: 84055007 |
| | | | Policy | | 8/2/1989 | 0150703 | PEREZ | TRI 0150703 20 | Lt 9 Map 612/30 (Tr 22637) | Co: CCT, IMG LOC: 99104674 |
| | | | Policy | | 8/2/1989 | 0150703 | PEREZ | 8949984* | Lt 9 Map 612/30 (Tr 22637) | Co: CCT, IMG LOC: 8949984 |

119 of 119 records printed

| | | | Doc Type | CI | Rec Date | Doc ID | Party 1 | Party 2 | Legals | Remarks | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Policy | | 8/2/1989 | 0150703 | PEREZ | 8949985 | Lt 9 Map 612/30 (Tr 22637) | Co: CCT, IMG LOC: 8949985 | |
| | ➡ | | Deed | | 8/2/1989 | 1237801 | WALKER KATHRYN C TRUST WALKER KATHRYN C TR (+4) | WILLIAM DATA PROCESSING CORP | Lt 9 Map 612/30 (Tr 22637) | $412.50F (county TT), $375,000.00 (est), APN(s): 2711-013-015 | |
| | ➡ | | Deed | | 8/2/1989 | 1237802 | WILLIAM DATA PROCESSING CORP WILLIPEREZ RALPH&MARIA N 41250F | PEREZ RALPH & MARIAN | Lt 9 Map 612/30 (Tr 22637) | $412.50F (county TT), $375,000.00 (est), APN(s): 2711-013-015 | |
| | ✓ | | Trust Deed/Deed of Trust | 4 | 8/2/1989 | 1237803 | PEREZ RALPH PEREZ MARIAN (+2) | MORTGAGE LNS AMER | Lt 9 Map 612/30 (Tr 22637) | $262,500.00, APN(s): 2711-013-015 | |
| | ✓ | | Trust Deed/Deed of Trust, Assignment | 4 | 8/29/1989 | 1384970 | PEREZ RALPH PEREZ RALPH & MARIAN(+3) | FIRST NATIONWIDE BK | Lt 9 Map 612/30 (Tr 22637) | Ref: 8/2/1989 1237803 | |
| | ✓ | | Trust Deed/Deed of Trust, Assignment | 4 | 7/6/1990 | 1193932 | FIRST NATIONWIDE BK PEREZ RALPH & MARIAN(+3) | ITT FED BK | Lt 9 Map 612/30 (Tr 22637) | Ref: 8/2/1989 1237803 | |
| | ✓ | | Trust Deed/Deed of Trust, Substitution of Trustee | 4 | 8/31/1993 | 1698859 | PEREZ MARIAN PEREZ RALPH (+1) | | Lt 9 Map 612/30 (Tr 22637) | Co: STW, Ref: 8/2/1989 1237803 | |
| | ✓ | | Trust Deed/Deed of Trust, Default | 4 | 8/31/1993 | 1698860 | PEREZ RALPH PEREZ MARIAN (+1) | | Lt 9 Map 612/30 (Tr 22637) | Co: STW, Ref: 8/2/1989 1237803 | |
| | ✓ | | Notice of Default Prop, Rescission | 4 | 12/29/1993 | 2539818 | PEREZ MARIAN PEREZ RALPH (+1) | | Lt 9 Map 612/30 (Tr 22637) | Ref: 8/2/1989 1237803; 8/31/1993 1698860APN(s): 2711-013-015 | |
| | ✓ | | Trust Deed/Deed of Trust, Substitution of Trustee | 4 | 12/29/1993 | 2539819 | PEREZ MARIAN PEREZ RALPH (+1) | | Lt 9 Map 612/30 (Tr 22637) | Ref: 8/2/1989 1237803 | |

**Lt 9 Map 612/30**
Los Angeles, California

Page 3 of 13

Non-Order Search
Printed by peter.baer on 8/1/2019 9:47:31 AM

Page 5

| | | | | Doc Type | CI | Rec Date | Doc ID | Party 1 | Party 2 | Legals | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | ✓ | | | Trust Deed/Deed of Trust, Default | 4 | 12/29/1993 | 2539820 | PEREZ RALPH PEREZ MARIAN (+1) | | Lt 9 Map 612/30 (Tr 22637) | Ref: 8/2/1989 1237803 |
| | ✓ | | | Notice of Default Prop, Rescission | 4 | 5/6/1994 | 876646 | PEREZ MARIAN PEREZ RALPH (+1) | | Lt 9 Map 612/30 (Tr 22637) | Co: STW, Ref: 8/2/1989 1237803; 12/29/1993 2539820APN(s): 2711-013-015 |
| | ✓ | | | Notice of Default Prop, Rescission | 4 | 9/12/1994 | 1666485 | PEREZ MARIAN PEREZ RALPH (+1) | | Lt 9 Map 612/30 (Tr 22637) | Co: STW, Ref: 8/2/1989 1237803; 12/29/1993 2539820APN(s): 2711-013-015 |
| | ✓ | | | Trust Deed/Deed of Trust, Substitution of Trustee | 4 | 12/16/1994 | 2231084 | PEREZ RALPH PEREZ MARIAN (+1) | | Lt 9 Map 612/30 (Tr 22637) | Ref: 8/2/1989 1237803 |
| | ✓ | | | Trust Deed/Deed of Trust, Default | 4 | 12/16/1994 | 2231085 | PEREZ MARIAN PEREZ RALPH (+1) | | Lt 9 Map 612/30 (Tr 22637) | Ref: 8/2/1989 1237803 |
| | ✓ | | | Notice of Default Prop, Rescission | 4 | 3/31/1995 | 458888 | PEREZ MARIAN PEREZ RALPH (+1) | | Lt 9 Map 612/30 (Tr 22637) | Co: FAT, Ref: 8/2/1989 1237803; 12/16/1994 2231085 |
| | ✓ | | | Trust Deed/Deed of Trust, Substitution of Trustee | 4 | 10/20/1995 | 1704030 | PEREZ RALPH PEREZ MARIAN (+1) | | Lt 9 Map 612/30 (Tr 22637) | Co: CTI, Ref: 8/2/1989 1237803 |
| | ✓ | | | Trust Deed/Deed of Trust, Default | 4 | 10/20/1995 | 1704031 | PEREZ MARIAN PEREZ RALPH (+1) | | Lt 9 Map 612/30 (Tr 22637) | Co: CTI, Ref: 8/2/1989 1237803 |
| | ✓ | | | Trust Deed/Deed of Trust, Trustees Sale | 4 | 4/5/1996 | 550059 | PEREZ RALPH PEREZ MARIAN (+1) | | Lt 9 Map 612/30 (Tr 22637) | Co: CTI, Ref: 8/2/1989 1237803APN (s): 2711-013-015 |
| | ➡ | | | Trustee's Deed Upon Sale | 4 | 5/13/1996 | 740783 | MASTER MORTGAGE COMPANY PEREZ RALPH (+2) | FIRST NATIONWIDE MORTGAGE CORPORATION | Lt 9 Map 612/30 (Tr 22637) | Co: CTI, Ref: 8/2/1989 1237803APN (s): 2711-013-015 |

**Lt 9 Map 612/30**
Los Angeles, California

Page 4 of 13

Non-Order Search
Printed by peterbaer on 8/2/2019 9:47:31 AM

Page 59

| | | | Doc Type | CI | Rec Date | Doc ID | Party 1 | Party 2 | Legals | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Policy | | 9/22/1989 | 0152669 | ORDON | EZ 8958707* | Lt 9 Map 612/30 (Tr 22637) | Co: CCT, IMG LOC: 8958707 |
| | | | Policy | | 9/22/1989 | 0152669 | ORDON | EZ 8958708 | Lt 9 Map 612/30 (Tr 22637) | Co: CCT, IMG LOC: 8958708 |
| | | | Policy | | 9/22/1989 | 0152669 | ORDON | EZ 8958723 | Lt 9 Map 612/30 (Tr 22637) | Co: CCT, IMG LOC: 8958723 |
| ➡ | | | Deed | | 9/22/1989 | 1535957 | PEREZ MARIAN PEREZ RALPH (+1) | WILLIAM DATA PROCESSING CORP | Lt 9 Map 612/30 (Tr 22637) | $143.00P (county TT) |
| ➡ | | | Deed | | 9/22/1989 | 1535958 | WILLIAM DATA PROCESSING CORP WILLIORDONE Z JOSE L 18425P | ORDONEZ JOSE LUIS | Lt 9 Map 612/30 (Tr 22637) | $184.25P (county TT) |
| ➡ | | | QuitClaim | | 9/22/1989 | 1535959 | ORDONEZ SYLVIA ORDONORDON EZ JOSE L * | ORDONEZ JOSE LUIS | Lt 9 Map 612/30 (Tr 22637) | |
| ✕ | | | All-Inclusive Deed of Trust | 5 | 9/22/1989 | 1535960 | ORDONEZ JOSE LUIS ORDONEZ WILLIAM DATA PROCESS 263000 | WILLIAM DATA PROCESSING CORP | Lt 9 Map 612/30 (Tr 22637) | $263,000.00, APN(s): 2711-013-015 |
| ✕ | | | Trust Deed/Deed of Trust, Assignment | 5 | 3/29/1990 | 605725 | ORDONEZ JOSE LUIS WILLIAM DATA PROCESSING CORP(+1) | PEREZ RALPH & MARIAN PEREZ RALPH | Lt 9 Map 612/30 (Tr 22637) | Ref: 9/22/1989 1535960 |
| ✕ | | | Trust Deed/Deed of Trust, Substitution of Trustee | 5 | 8/5/1994 | 1457303 | ORDONEZ JOSE LUIS ORDONEZ 1535960 092289 * | | Lt 9 Map 612/30 (Tr 22637) | Ref: 9/22/1989 1535960 |
| ✕ | | | Trust Deed/Deed of Trust, Default | 5 | 8/5/1994 | 1457304 | ORDONIEZ JOSE LUIS ORDONEZ 1535960 092289 | | Lt 9 Map 612/30 (Tr 22637) | Ref: 9/22/1989 1535960APN(s): 2711-013-015 |
| ✕ | | | Notice of Default Prop, Rescission | 5 | 10/21/1994 | 1913970 | ORDONEZ JOSE LUIS ORDONEZ 1535960 092289 | | Lt 9 Map 612/30 (Tr 22637) | Ref: 9/22/1989 1535960 |

119 of 119 records printed

| | | | Doc Type | CI | Rec Date | Doc ID | Party 1 | Party 2 | Legals | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|
| | ✕ | | Trust Deed/Deed of Trust | | 9/22/1989 | 1535961 | ORDONEZ JOSE LUIS ORDONEZ WILLIAM DATA PROCESS 42000 | WILLIAM DATA PROCESSING CORP | Lt 9 Map 612/30 (Tr 22637) | $42,000.00, APN(s): 2711-013-015 |
| | ➡ | | Deed | | 7/27/1992 | 1361583 | ORDONEZ JOSE LUIS ORDONORDON EZ JOSE L&SYLVIA | ORDONEZ JOSE LUIS ORDONEZ SYLVIA | Lt 9 Map 612/30 (Tr 22637) | APN(s): 2711-013-015 |
| | | | Policy | | 8/31/1993 | 0562598 | ORDON | TRI 0562598 04 | Lt 9 Map 612/30 (Tr 22637) | Co: STW, IMG LOC: 93165876 |
| | | | Policy | | 8/5/1994 | 4951306 | ORDON | EZ TRE SLE GNTE 9336722 | Lt 9 Map 612/30 (Tr 22637) | Co: SCA, IMG LOC: 9336722 |
| | | | Policy | | 12/16/1994 | 0528752 | ORDON | TRI 0528752 05 | Lt 9 Map 612/30 (Tr 22637) | Co: FAT, IMG LOC: 95035167 |
| | | | Policy | | 10/20/1995 | 2959581 | ORDON | EZ TRE SLE GNTE 0831173 | Lt 9 Map 612/30 (Tr 22637) | Co: CTI |
| | | | Policy | | 1/1/1996 | 2959581 | CLOSE | D P#2959581 0000000 | Lt 9 Map 612/30 (Tr 22637) | Co: CTI |
| | ➡ | | Deed | | 1/5/1996 | 24667 | ORDONEZ JOSE LUIS ORDONEZ SYLVIA(+1) | ORDONEZ SILVIA | Lt 9 Map 612/30 (Tr 22637) | Co: FID, APN(s): 2711-013-015 |
| | ✕ | | Trust Deed/Deed of Trust | | 1/16/1996 | 76070 | ORDONEZ SILVIA ORDONEZ LOPEZ EDWARD 20000 | LOPEZ EDWARD | Lt 9 Map 612/30 (Tr 22637) | Co: FID, $20,000.00 |
| | ✕ | | Homestead | | 1/16/1996 | 76071 | ORDONEZ SILVIA ORDONEZ SILVIA | | Lt 9 Map 612/30 (Tr 22637) | Co: FID |
| | | | Policy | | 4/3/1996 | 0104506 | ORDON | TRI 0104506 28 | Lt 9 Map 612/30 (Tr 22637) | Co: PRV, IMG LOC: 97120293 |
| | ➡ | | Trustee's Deed Upon Sale | | 5/13/1996 | 740783 | MASTER MORTGAGE COMPANY PEREZ RALPH (+2) | FIRST NATIONWIDE MORTGAGE CORPORATION | Lt 9 Map 612/30 (Tr 22637) | Co: CTI, APN(s): 2711-013-015 |

**Lt 9 Map 612/30**
Los Angeles, California

Page 6 of 13

Non-Order Search
Printed by peter.aaa.gr8/02/2019 9:47:32 AM

Page 61

119 of 119 records printed

| | | | Doc Type | CI | Rec Date | Doc ID | Party 1 | Party 2 | Legals | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Policy | | 12/4/1996 | 1642972 | PAULE | 9480553 | Lt 9 Map 612/30 (Tr 22637) | Co: GWY, IMG LOC: 9480553 |
| | | | Policy | | 12/4/1996 | 1642972 | PAULE | 9480496 | Lt 9 Map 612/30 (Tr 22637) | Co: GWY, IMG LOC: 9480496 |
| ➡ | | | Deed | | 12/4/1996 | 1945297 | FIRST NATIONWIDE MORTGAGE CORPORATION NATIOMAIN STREET MTG *550P | MAIN STREET MORTGAGE COMPANY | Lt 9 Map 612/30 (Tr 22637) | Co: GWY, $5.50P (county TT), APN (s): 2711-013-015 |
| ➡ | | | Deed | | 12/4/1996 | 1945298 | MAIN STREET MORTGAGE COMPANY MAIN PAULE ANGEL *25300F | PAULE ANGEL | Lt 9 Map 612/30 (Tr 22637) | Co: GWY, $253.00F (county TT), $230,000.00(est), APN(s): 2711-013-015 |
| ➡ | | | QuitClaim | | 12/4/1996 | 1945299 | PAULE RUFINA M PAULEPAULE ANGEL * | PAULE ANGEL | Lt 9 Map 612/30 (Tr 22637) | Co: GWY, APN(s): 2711-013-015 |
| ✓ | | | Trust Deed/Deed of Trust | 6 | 12/4/1996 | 1945300 | PAULE ANGEL PAULE GN MTG 207000 | GN MORTGAGE CORPORATION | Lt 9 Map 612/30 (Tr 22637) | Co: GWY, $207,000.00, APN(s): 2711-013-015 |
| ✓ | | | Trust Deed/Deed of Trust, Assignment | 6 | 7/19/2001 | 1262459 | FLEET REAL ESTATE FUNDING WASHINGTON MUTUAL HOME LOANS INC(+3) | WELLS FARGO HOME MORTGAGE INC MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | Lt 9 Map 612/30 (Tr 22637) | Ref: 12/4/1996 1945300 |
| ✓ | | | Trust Deed/Deed of Trust, Substitution of Trust & Deed of Reconveyance | 6 | 3/21/2002 | 675760 | PAULE ANGEL PAULE 1945300 120496 | PAULE ANGEL | Lt 9 Map 612/30 (Tr 22637) | Ref: 12/4/1996 1945300 |
| ? | | | Trust Deed/Deed of Trust, Assignment | | 4/17/1997 | 580750 | PAULE ANGEL GN MORTGAGE CORPORATION (+1) | FLEET MORTGAGE CORP | Lt 9 Map 612/30 (Tr 22637) | APN(s): 2711-013-015 |

**Lt 9 Map 612/30**
Los Angeles, California

Page 7 of 13

Non-Order Search
Printed by peter.baer 08/01/2019 9:47:32 AM

Page 10

119 of 119 records printed

| | | | Doc Type | CI | Rec Date | Doc ID | Party 1 | Party 2 | Legals | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|
| | ✕ | | Order | | 4/21/1999 | 695309 | SAN FERNANDO CITY SANFERNANDO AFFECTS WATER RIGHTS | LOS ANGELES CITY | Lt 9 Map 612/30 (Tr 22637) | Case: 650079 Crt: SC *SUSPENDED* |
| | ➡ | | QuitClaim | | 3/19/2001 | 436814 | PAULE ANGEL PAULECALLOWAY DWAYNE C&C * | CALLOWAY CATHERINE CALLOWAY DWAYNE C | Lt 9 Map 612/30 (Tr 22637) | APN(s): 2711-013-015 |
| | ✓ | | Trust Deed/Deed of Trust | 7 | 2/5/2002 | 276362 | CALLOWAY CATHERINE CALLOWAY DWAYNE C(+1) | WORLD SAVINGS BANK FSB | Lt 9 Map 612/30 (Tr 22637) | Co: GWY, $297,000.00, APN(s): 2711-013-015 |
| | ✓ | | Trust Deed/Deed of Trust, Reconveyance | 7 | 2/28/2007 | 428005 | GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO CALLOWAY 0276362 020502 | CALLOWAY CATHERINE CALLOWAY DWAYNE C | Lt 9 Map 612/30 (Tr 22637) | Ref: 2/5/2002 276362 |
| | ✓ | | Trust Deed/Deed of Trust | 8 | 4/27/2004 | 1021824 | CALLOWAY CATHERINE CALLOWAY DWAYNE C(+1) | WORLD SAVINGS BANK | Lt 9 Map 612/30 (Tr 22637) | Co: FID, $100,000.00 |
| | ✓ | | Trust Deed/Deed of Trust, Reconveyance | 8 | 2/28/2007 | 428021 | GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO CALLOWAY 1021824 042704 | CALLOWAY CATHERINE CALLOWAY DWAYNE C | Lt 9 Map 612/30 (Tr 22637) | Ref: 4/27/2004 1021824 |
| | ✓ | | Homestead | 9 | 10/25/2006 | 2369684 | CALLOWAY DWAYNE C CALLOWAY CATHERINE(+1) | | Lt 9 Map 612/30 (Tr 22637) | APN(s): 2711-013-015 |
| | ✓ | | Homestead, Abandonment | 9 | 2/9/2007 | 283114 | CALLOWAY D C&C CALLOWAY 2369684 102506 * | | Lt 9 Map 612/30 (Tr 22637) | Co: FID, Ref: 10/25/2006 2369684APN(s): 2711-013-015 |
| | | | Open Order | | 1/19/2007 | 9509460 | 36 49 | 9509460 011907 | Lt 9 Map 612/30 (Tr 22637) | Co: FID |
| | ✕ | | Trust Deed/Deed of Trust | 10 | 2/7/2007 | 264586 | CALLOWAY DWAYNE C CALLOWAY CATHERINE(+1) | ABN AMRO MORTGAGE GROUP INC | Lt 9 Map 612/30 (Tr 22637) | Co: FID, $500,000.00, APN(s): 2711-013-015 |

**Lt 9 Map 612/30**
Los Angeles, California

Page 8 of 13

Non-Order Search
Printed by peter.bael on 8/9/2019 9:47:32 AM

Page 63

| | | | Doc Type | CI | Rec Date | Doc ID | Party 1 | Party 2 | Legals | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|
| | ✗ | | Trust Deed/Deed of Trust, Assignment | 10 | 1/18/2011 | 91563 | CALLOWAY CATHERINE CALLOWAY DWYANE C(+3) | CITIMORTGAG E INC | Lt 9 Map 612/30 (Tr 22637) | Ref: 2/7/2007 264586APN(s): 2711-013-015 |
| | ✗ | | Trust Deed/Deed of Trust, Substitution of Trustee | 10 | 1/18/2011 | 91564 | CALLOWAY DWYANE C CITIMORTGAG E INC(+2) | CR TITLE SERVICES INC | Lt 9 Map 612/30 (Tr 22637) | Co: FAT, Ref: 2/7/2007 264586 |
| | ✗ | | Trust Deed/Deed of Trust, Default | 10 | 1/18/2011 | 91565 | CALLOWAY CATHERINE CALLOWAY DWYANE C(+1) | | Lt 9 Map 612/30 (Tr 22637) | Ref: 2/7/2007 264586APN(s): 2711-013-015 |
| | ✗ | | Notice of Default Prop, Rescission | 10 | 2/23/2011 | 281740 | CALLOWAY CATHERINE CALLOWAY DWYANE C(+1) | | Lt 9 Map 612/30 (Tr 22637) | Co: FAT, Ref: 2/7/2007 264586; 1/18/2011 91565APN(s): 2711-013-015 |
| | ✗ | | Trust Deed/Deed of Trust, Substitution of Trustee | 10 | 3/28/2012 | 467522 | CALLOWAY DWYNE C CITIMORTGAG E INC(+2) | NORTHWEST TRUSTEE SERVICES INC | Lt 9 Map 612/30 (Tr 22637) | Co: FAT, Ref: 2/7/2007 264586 |
| | ✗ | | Trust Deed/Deed of Trust, Default | 10 | 3/28/2012 | 467523 | CALLOWAY CATHERINE CALLOWAY DWYNE C(+1) | | Lt 9 Map 612/30 (Tr 22637) | Co: FAT, Ref: 2/7/2007 264586APN (s): 2711-013-015 |
| | ✗ | | Trust Deed/Deed of Trust, Trustees Sale | 10 | 7/27/2012 | 1115887 | CALLOWAY DWYNE C CALLOWAY CATHERINE(+1) | | Lt 9 Map 612/30 (Tr 22637) | Co: FAT, Ref: 2/7/2007 264586APN (s): 2711-013-015 |
| | ✗ | | Notice of Default Prop, Rescission | 10 | 12/28/2012 | 2015513 | CALLOWAY D C&C CALLOWAY 0264586 020707 | | Lt 9 Map 612/30 (Tr 22637) | Co: FAT, Ref: 2/7/2007 264586; 3/28/2012 467523APN(s): 2711-013-015 |
| | ✗ | | Trust Deed/Deed of Trust, Assignment | 10 | 5/27/2015 | 614652 | CITIMORTGAG E INC. | BANK OF AMERICA NATIONAL ASSOCIATION | Lt 9 Map 612/30 (Tr 22637) | Ref: 2/7/2007 264586 |
| | ✗ | | Trust Deed/Deed of Trust, Substitution of Trustee | 10 | 10/13/2015 | 1259854 | BANK OF AMERICA N.A. | CLEAR RECON CORP. | Lt 9 Map 612/30 (Tr 22637) | Ref: 2/7/2007 264586 |

119 of 119 records printed

| | | | Doc Type | CI | Rec Date | Doc ID | Party 1 | Party 2 | Legals | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|
| | ✗ | | Trust Deed/Deed of Trust, Default | 10 | 10/13/2015 | 1259855 | CLEAR RECON CORP. | CALLOWAY DWAYNE C CALLOWAY CATHERINE | Lt 9 Map 612/30 (Tr 22637) | Ref: 2/7/2007 264586APN(s): 2711-013-015 |
| | ✗ | | Trust Deed/Deed of Trust, Trustees Sale | 10 | 1/26/2016 | 87318 | CLEAR RECON CORP. | CALLOWAY DWAYNE C CALLOWAY CATHERINE | Lt 9 Map 612/30 (Tr 22637) | Ref: 2/7/2007 264586APN(s): 2711-013-015 |
| | ✗ | | Notice of Default Prop, Rescission | 10 | 10/7/2016 | 1233144 | CLENR RECON CORP. | CALLOWAY DWAYNE C CALLOWAY CATHERINE | Lt 9 Map 612/30 (Tr 22637) | Ref: 10/13/2015 1259855APN(s): 2711-013-015 |
| | ✗ | | Trust Deed/Deed of Trust, Assignment | 10 | 11/1/2016 | 1347008 | BANK OF AMERICA N.A. | WILMINGTON TRUST NATIONAL ASSOCIATION MFRA TRUST 2014-2 | Lt 9 Map 612/30 (Tr 22637) | Ref: 2/7/2007 264586 |
| | ✗ | | Trust Deed/Deed of Trust, Substitution of Trustee | 10 | 10/26/2017 | 1229656 | WILMINGTON TRUST NATIONAL ASSOCIATION MFRA TRUSE 2014-2 | BARRETT DAFFIN FRAPPIER TREDER & WEISS LLP | Lt 9 Map 612/30 (Tr 22637) | Ref: 2/7/2007 264586APN(s): 2711-013-015 |
| | ✗ | | Trust Deed/Deed of Trust, Default | 10 | 11/2/2017 | 1262751 | BARRETT DAFFIN FRAPPIER TREDER & WEISS LLP | CALLOWAY DWAYNE C CALLOWAY CATHERINE | Lt 9 Map 612/30 (Tr 22637) | Co: LSI, Ref: 2/7/2007 264586APN(s): 2711-013-015 |
| | ✗ | | Trust Deed/Deed of Trust, Trustees Sale | 10 | 2/7/2018 | 125686 | BARRETT DAFFIN FRAPPIER TREDER & WEISS LLP | CALLOWAY DWAYNE C CALLOWAY CATHERINE | Lt 9 Map 612/30 (Tr 22637) | Co: LSI, Ref: 2/7/2007 264586APN(s): 2711-013-015 |
| | ✗ | | Trust Deed/Deed of Trust, Trustees Sale | 10 | 6/26/2019 | 608806 | BARRETT DAFFIN FRAPPIER TREDER & WEISS LLP | CALLOWAY DWAYNE CALLOWAY CATHERINE | Lt 9 Map 612/30 (Tr 22637) | Co: SVL, Ref: 2/7/2007 264586APN(s): 2711-013-015 |
| | ✗ | | Homestead | | 2/8/2007 | 274876 | CALLOWAY DWAYNE C&CATHERINE CALLOWAY DWAYNE C&CATHERINE | | Lt 9 Map 612/30 (Tr 22637) | Co: FID |

Lt 9 Map 612/30
Los Angeles, California

Page 10 of 13

Non-Order Search
Printed by peter.cal 08/01/2019 9:47:33 AM
Page 65

119 of 119 records printed

| | | | Doc Type | CI | Rec Date | Doc ID | Party 1 | Party 2 | Legals | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|
| | ✓ | | Trust Deed/Deed of Trust | 11 | 10/30/2007 | 2445144 | CALLOWAY CATHERINE CALLOWAY DWAYNE C(+1) | WASHINGTON MUTUAL BANK | Lt 9 Map 612/30 (Tr 22637) | $150,000.00, APN(s): 2711-013-015 |
| | ✓ | | Trust Deed/Deed of Trust, Substitution of Trust & Deed of Reconveyance | 11 | 2/14/2013 | 239243 | CALLOWAY CATHERINE CALLOWAY DWAYNE C(+5) | CALLOWAY DWAYNE C JP MORGAN CHASE CUSTODY SERVICES INC (+1) | Lt 9 Map 612/30 (Tr 22637) | Ref: 10/30/2007 2445144 |
| | ➡ | | Deed | 12 | 12/31/2008 | 2270421 | WALKER KATHRYN C LIVING TRUST WALKER KATHRYN C TRUSTEE(+1) | FARRAR LORI L | Lt 9 Map 612/30 (Tr 22637) | $275.00 (county TT), $250,000.00 (est), APN(s): 2327-003-002 |
| | ? | | Deed, Modification | 12 | 5/12/2009 | 696856 | WALKER KATHRYN C TRUSTEE WALKER KATHRYN C LIVING TRUST (+1) | FARRAR LORI L | Lt 9 Map 612/30 (Tr 22637) (COR) | Ref: 12/31/2008 2270421APN(s): 2327-003-002 |
| | ➡ | | Deed | 13 | 2/19/2009 | 228399 | FARRAR LORI L FARRAFARRAR VIC&LORI L C& | FARRAR VIC TRUSTEE FARRAR VIC AND LORI FAMILY TRUST (+1) | Lt 9 Map 612/30 (Tr 22637) | APN(s): 2327-003-002 |
| | ? | | Deed, Modification | 13 | 5/12/2009 | 696855 | FARRAR LORI L FARRAFARR& 0228399 021909 *COR | FARRAR LORI L TRUSTEE FARRAR VIC AND LORI FAMILY TRUST (+1) | Lt 9 Map 612/30 (Tr 22637) (COR) | Ref: 2/19/2009 228399APN(s): 2327-003-002 |
| | ✗ | | Notice | 14 | 8/28/2009 | 1328857 | LOS ANGELES CITY CALLOWAY CHATHERINE (+2) | | Lt 9 Map 612/30 (Tr 22637) | APN(s): 2711-013-015 |
| | ✗ | | Notice, Release | 14 | 8/31/2012 | 1313412 | LOS ANGELES CITY CALLOWAY 1328857 082809 * | CALLOWAY DWAYNE C CALLOWAY CATHERINE | Lt 9 Map 612/30 (Tr 22637) | Ref: 8/28/2009 1328857APN(s): 2711-013-015 |
| | | | Open Order | | 8/3/2015 | 150206617 | | | Lt 9 Map 612/30 (Tr 22637) | Co: FID,  TU: V Dpt: Irvine |

119 of 119 records printed

| | | | Doc Type | CI | Rec Date | Doc ID | Party 1 | Party 2 | Legals | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Open Order | | 4/19/2016 | 23578 | | | Lt 9 Map 612/30 (Tr 22637) | Co: ADV,  TU: 50 Dpt: Riverside - Title |
| | | | Open Order | | 6/4/2016 | 23610 | | | Lt 9 Map 612/30 (Tr 22637) | Co: ADV,  TU: 50 Dpt: Riverside - Title |
| | | | Open Order | | 10/5/2016 | 23704 | | | Lt 9 Map 612/30 (Tr 22637) | Co: ADV,  TU: 50 Dpt: Riverside - Title |
| | | | Open Order | | 10/4/2017 | 170387397 | | | Lt 9 Map 612/30 (Tr 22637) | Co: SVL,  TU: VO Dpt: Irvine Default |
| | | | Open Order | | 11/2/2017 | 77397 | | | Lt 9 Map 612/30 (Tr 22637) | Co: SVL,  TU: 05 Dpt: TSG |
| | | | Open Order | | 6/11/2019 | 10399387 | | | Lt 9 Map 612/30 (Tr 22637) | Co: PRV,  TU: 10 Dpt: Sherman Oaks |
| | | | Open Order | | 7/30/2019 | 00230539 | | | Lt 9 Map 612/30 (Tr 22637) | Co: FID,  TU: 01 Dpt: Sherman Oaks |

**End of Search.**
**119 Records Found.**

# Property Search



**TITLEPOINT**®

Los Angeles, California
**Searched: Lt 9 Map 612/30**
**Sub/Plat: TRACT 22637**
Non-Order Search
Company: CONSUMERS TITLE COMPANY OF CALIFORNIA | WESTLAKE VILLAGE | 01 | CRN: 00015-00026

| | | | | |
|---|---|---|---|---|
| Property Start: | 1/2/1947 | | | |
| Property Cover: | 7/16/2019 | | | |
| Searched By: | PETER BAER | | | |
| Searched On: | 8/1/2019 12:46 PM | | | |

**From**

| Legal Description | Rel. Type | Created | Vacated | Vacated\Replat |
|---|---|---|---|---|
| **Lt 9 Map 612/30 (Tr 22637)** | | | | |
| From: Rancho 1/605 | CF | 2/21/1876 | Full | 3/4/1996 |
| Sec 12 T 2N R 16W | WI | 1/1/1800 | Partial | |
| Map 612/30 (Tr 22637) | | 1/29/1957 | | |
| From: Rancho 1/605 | CF | 2/21/1876 | | 3/4/1996 |
| Sec 12 T 2N R 16W | WI | 1/1/1800 | | |
| Rancho 1/605 | | 2/21/1876 | Full | 3/4/1996 |
| From: Sec 10 T 2N R 16W | WI | 1/1/1800 | | |
| Sec 10 T 2N R 16W | | 1/1/1800 | Partial | |
| Sec 12 T 2N R 16W | | 1/1/1800 | Partial | |

**To**

| Legal Description | Rel. Type | Created | Vacated | Vacated\Replat |
|---|---|---|---|---|
| **No Overlying for:** | | | | |
| Lt 9 Map 612/30 (Tr 22637) | | 1/29/1957 | | |

# EXHIBIT "7"

**This page is part of your document - DO NOT DISCARD**



# 20190608806





**Pages:
0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**06/26/19 AT 08:00AM**

| | |
|---|---|
| FEES: | 30.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 105.00 |



**LEADSHEET**

**201906260240009**

**00016785594**

**009919845**

**SEQ:
09**

**SECURE – 8:00AM**

**THIS FORM IS NOT TO BE DUPLICATED**

E464780

E08_190625_6—————8

Recording requested by:
ServiceLink

When Recorded Mail To:
**BARRETT DAFFIN FRAPPIER TREDER &
WEISS, LLP**
**4004 Belt Line Road, Suite 100**
**Addison, Texas 75001-4320**
**(866) 795-1852**
APN #: 2711-013-015
Property Address:
17548 DONMETZ ST
GRANADA HILLS, CALIFORNIA 91344


NOTS00000007091309

Space above this line for Recorder's use only

.Trustee Sale No.: 00000007091309        Title Order No.: 170387397        FHA/VA/PMI No.:

# NOTICE OF TRUSTEE'S SALE

**ATTENTION RECORDER**: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY APPLIES
ONLY TO COPIES PROVIDED TO THE TRUSTOR, NOT TO THIS RECORDED ORIGINAL NOTICE.

**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED**
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
**NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO**
**TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP**
**LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI
LIỆU NÀY**

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 02/01/2007. UNLESS YOU TAKE ACTION
TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN
EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A
LAWYER.

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP, as duly appointed Trustee under and pursuant to Deed
of Trust **Recorded on 02/07/2007** as Instrument No. 20070246586 of official records in the office of the County
Recorder of LOS ANGELES County, State of CALIFORNIA.
EXECUTED BY:    DWAYNE C CALLOWAY, AND CATHERINE CALLOWAY, HUSBAND AND WIFE,
WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH
EQUIVALENT or other form of payment authorized by California Civil Code 2924h(b), (payable at time of sale in
lawful money of the United States).
DATE OF SALE:    07/26/2019    TIME OF SALE:    11:00 AM
PLACE OF SALE:    BY THE FOUNTAIN LOCATED AT 400 CIVIC CENTER PLAZA, POMONA, CA
91766.
STREET ADDRESS and other common designation, if any, of the real property described above is purported to be:
    17548 DONMETZ ST, GRANADA HILLS, CALIFORNIA 91344
APN#:    2711-013-015

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common

FCUS_NoticeOfTrusteeSale.rpt - Record - 01/21/2019 - Ver-40                                                Page 1 of 2

Trustee Sale No. : 00000007091309     Title Order No.: 170387397     FHA/VA/PMI No.:

designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is **$538,889.03**. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 714-730-2727 for information regarding the trustee's sale or visit this Internet Web site www.servicelinkASAP.com for information regarding the sale of this property, using the file number assigned to this case 00000007091309. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

FOR TRUSTEE SALE INFORMATION PLEASE CALL:
**AGENCY SALES & POSTING**
**714-730-2727**
**www.servicelinkASAP.com**

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP as Trustee**
**20955 Pathfinder Road, Suite 300**
**Diamond Bar, CA 91765**
**(866) 795-1852**

_____     Dated: 06/24/2019
BY: Sandy Green

Non-Order Search                    Page 3 of 3                    Requested By: peter.baer, Printed: 7/31/2019 5:15 PM
Doc: CALOSA:2019 00608806

# EXHIBIT "8"

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

**Julius Johnson, Esq.**
**2476 N. Lake Ave.**
**Altadena, CA 91001**
**626-797-1186**
California State Bar Number: **262575 CA**
**juliusjohnsonlaw.com**

FOR COURT USE ONLY

☐ *Debtor(s) appearing without an attorney*
☑ *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

**Mary Elizabeth Calloway**

CASE NO.: 1:19-bk-11880-MT
CHAPTER: **13**

### VERIFICATION OF MASTER
### MAILING LIST OF CREDITORS

**[LBR 1007-1(a)]**

Debtor(s).

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __1__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: **July 26, 2019** _____

Signature of Debtor 1

Date: _____

Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: **July 26, 2019** _____

Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                    **F 1007-1.MAILING.LIST.VERIFICATION**

Page 74

Mary Elizabeth Calloway
17548 Donemetz ST
Granada Hills, CA 91344


Julius Johnson, Esq.
The Law Office of Julis Johnson SBN 96407
2476 N. Lake Ave.
Altadena, CA 91001


Logix Federal Credit Union
P.O. Box 6759
Burbank, CA 91510


Simmons Bank
Customer Service Center
P.O. Box 7009
Pine Bluff, AR 71611

## U.S. Bankruptcy Court
### Central District of California (San Fernando Valley)
### Bankruptcy Petition #: 1:19-bk-11880-MT

|  |  |
|---|---|
| | *Date filed:* 07/26/2019 |
| | *341 meeting:* 08/21/2019 |
| *Assigned to:* Maureen Tighe | *Deadline for filing claims:* 10/04/2019 |
| Chapter 13 | *Deadline for filing claims (govt.):* 01/22/2020 |
| Voluntary | |
| Asset | |

**Debtor**
**Mary Elizabeth Calloway**
17548 Donemetz St
Granada Hills, CA 91344
LOS ANGELES-CA
SSN / ITIN: xxx-xx-7643

represented by **Julius Johnson**
The Law Offices of Julius Johnson
2476 N Lake Ave
Altadena, CA 91001
626-797-1186
Fax : 626-797-3806
Email: info@juliusjlaw.com

**Trustee**
**Elizabeth (SV) F Rojas (TR)**
Valley Executive Center
15260 Ventura Blvd., Suite 710
Sherman Oaks, CA 91403
818-933-5700

**U.S. Trustee**
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 07/26/2019 | 1 (7 pgs) | Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Mary Calloway (Johnson, Julius) CORRECTION: Deficient for Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 8/9/2019. Schedule A/B: Property (Form 106A/B or 206A/B) due 8/9/2019. Schedule C: The Property You Claim as Exempt (Form 106C) due 8/9/2019. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 8/9/2019. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 8/9/2019. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 8/9/2019. Schedule H: Your Codebtors (Form 106H or 206H) due 8/9/2019. Schedule I: Your Income (Form 106I) due 8/9/2019. Schedule J: Your Expenses (Form 106J) due 8/9/2019. Declaration About an Individual Debtors Schedules (Form 106Dec) due 8/9/2019. Statement of Financial Affairs (Form 107 or 207) due 8/9/2019. Chapter 13 Plan (LBR F3015-1) due by 8/9/2019. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 8/9/2019. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 8/9/2019. Statement of Related Cases (LBR Form F1015-2) due 8/9/2019. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 8/9/2019. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 8/9/2019. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 8/9/2019. Modified on 7/26/2019 (Toomer, Rosalind). (Entered: 07/26/2019) |
| 07/26/2019 | 2 (1 pg) | Certificate of Credit Counseling Filed by Debtor Mary Calloway. (Johnson, Julius) (Entered: 07/26/2019) |
| 07/26/2019 | 3 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Mary Calloway. (Johnson, Julius) (Entered: 07/26/2019) |

| | | |
|---|---|---|
| 07/26/2019 | <u>10</u><br>(3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 08/21/2019 at 10:00 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. Confirmation hearing to be held on 09/24/2019 at 09:30 AM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. Proof of Claim due by 10/04/2019. (Johnson, Julius) (Entered: 07/26/2019) |
| 07/26/2019 | | Notice of Debtor's Prior Filings for debtor Mary Calloway Case Number <u>98-24515</u>, Chapter 7 filed in California Central Bankruptcy on 10/19/1998.(Admin) (Entered: 07/26/2019) |
| 07/26/2019 | <u>4</u><br>(1 pg) | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC) . (Toomer, Rosalind) (Entered: 07/26/2019) |
| 07/26/2019 | | Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Mary Elizabeth Calloway) Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 8/9/2019. Schedule A/B: Property (Form 106A/B or 206A/B) due 8/9/2019. Schedule C: The Property You Claim as Exempt (Form 106C) due 8/9/2019. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 8/9/2019. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 8/9/2019. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 8/9/2019. Schedule H: Your Codebtors (Form 106H or 206H) due 8/9/2019. Schedule I: Your Income (Form 106I) due 8/9/2019. Schedule J: Your Expenses (Form 106J) due 8/9/2019. Declaration About an Individual Debtors Schedules (Form 106Dec) due 8/9/2019. Statement of Financial Affairs (Form 107 or 207) due 8/9/2019. Chapter 13 Plan (LBR F3015-1) due by 8/9/2019. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 8/9/2019. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 8/9/2019. Incomplete Filings due by 8/9/2019. (Toomer, Rosalind) (Entered: 07/26/2019) |
| 07/26/2019 | | Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Mary Elizabeth Calloway) Statement of Related Cases (LBR Form F1015-2) due 8/9/2019. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 8/9/2019. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 8/9/2019. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 8/9/2019. Incomplete Filings due by 8/9/2019. (Toomer, Rosalind) (Entered: 07/26/2019) |
| 07/26/2019 | <u>5</u><br>(1 pg) | ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (BNC) (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Mary Elizabeth Calloway) (Toomer, Rosalind) (Entered: 07/26/2019) |
| 07/26/2019 | <u>6</u><br>(1 pg) | Case Commencement Deficiency Notice (BNC) (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Mary Elizabeth Calloway) (Toomer, Rosalind) (Entered: 07/26/2019) |
| 07/26/2019 | 7 | Notice to Filer of Error and/or Deficient Document **Petition was filed as complete, but schedules or statements are deficient. THE FILER IS INSTRUCTED TO FILE THE DEFICIENT DOCUMENTS.** (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Mary Elizabeth Calloway) (Toomer, Rosalind) (Entered: 07/26/2019) |
| 07/26/2019 | 8 | Notice to Filer of Correction Made/No Action Required: **Incorrect case data/statistical information was entered at the time of filing. THE COURT HAS CORRECTED THIS INFORMATION. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Mary Elizabeth Calloway) (Toomer, Rosalind) (Entered: 07/26/2019) |
| 07/26/2019 | 9 | Notice to Filer of Correction Made/No Action Required: **Incorrect/incomplete debtor(s) name and/or alias entered. THE COURT HAS CORRECTED THIS INFORMATION. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Mary Elizabeth Calloway) (Toomer, Rosalind) (Entered: 07/26/2019) |

| 07/27/2019 | 11<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Smith, Valerie. (Smith, Valerie) (Entered: 07/27/2019) |
| 07/27/2019 | | Receipt of Voluntary Petition (Chapter 13)(1:19-bk-11880) [misc,volp13] ( 310.00) Filing Fee. Receipt number 49468012. Fee amount 310.00. (re: Doc# 1) (U.S. Treasury) (Entered: 07/27/2019) |
| 07/27/2019 | 12<br>(2 pgs) | Verification of Master Mailing List of Creditors (LBR Form F1007-1) Filed by Debtor Mary Elizabeth Calloway (RE: related document(s) Set Case Commencement Deficiency Deadlines (ccdn). (Johnson, Julius) (Entered: 07/27/2019) |
| 07/28/2019 | 13<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)10 Meeting (AutoAssign Chapter 13)) No. of Notices: 3. Notice Date 07/28/2019. (Admin.) (Entered: 07/28/2019) |
| 07/28/2019 | 14<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)6 Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 07/28/2019. (Admin.) (Entered: 07/28/2019) |
| 07/28/2019 | 15<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)5 ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (Ch 7/13) (BNC) No. of Notices: 1. Notice Date 07/28/2019. (Admin.) (Entered: 07/28/2019) |
| 07/28/2019 | 16<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)4 Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 07/28/2019. (Admin.) (Entered: 07/28/2019) |
| 07/29/2019 | | Notice of Debtor's Prior Filings for debtor Mary Elizabeth Calloway Case Number 98-24515, Chapter 7 filed in California Central Bankruptcy on 10/19/1998.(Admin) (Entered: 07/29/2019) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/31/2019 17:22:25 | | |
| PACER Login: | sa0471:2629392:0 | Client Code: |
| Description: | Docket Report | Search Criteria: | 1:19-bk-11880-MT Fil or Ent: filed From: 5/2/2019 To: 7/31/2019 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| Billable Pages: | 3 | Cost: | 0.30 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

5305 ANDASOL AVE., ENCINO, CA 91316

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/1/2019      , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Julius Johnson    info@juliusjlaw.com
Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
Valerie Smith    claims@recoverycorp.com
Edward A Treder    cdcaecf@bdfgroup.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 8/1/2019      , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Dwayne and Catherine Calloway, 17548 Donmetz St., Granada Hills, CA 91344 - loan obligors / owners
Mary Calloway, 17548 Donmetz St., Granada Hills, CA 91344 debtor
Sand Greer, Barrett Daffin et al., 20955 Pathfinder Rd., Ste. 300, Diamond Bar, CA 91765 - lender trustee

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 8/1/2019      , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Maureen Tighe, US Bankruptcy Court, 21041 Burbank Bl., Ct 302, Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/1/2019 | HARRIS L. COHEN | |
|----------|-----------------|--|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.